## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

LAVON SMITH,                                  )
                                             )
            Plaintiff,                        )
                                             )
v.                                           )            No.    3:26-CV-190-DCLC-JEM
                                             )
SHERIFF THOMAS SPANGLER, C/O                  )
ANDERSON, C/O MILES, C/O ENSING,             )
an KNOX COUNTY                               )
ADMINISTRATION,                              )
                                             )
            Defendants.                       )

## <u>**MEMORANDUM OPINION**</u>

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1]. Upon Plaintiff filing a motion for leave to proceed *in forma pauperis* herein [Doc. 4], the Court entered an education order that the Clerk sent to Plaintiff at the only address he provided the Court [Doc. 5; Doc. 1 p. 3]. But more than two weeks ago, the United States Postal Service ("USPS") returned the Court's mail to Plaintiff containing that order as undeliverable with a notation indicating that Plaintiff had been released and the mail could not be forwarded [Doc. 6]. Plaintiff has not communicated with the Court since the return of this mail. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal

under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, it is apparent that Plaintiff did not receive the Court's prior order due to his willfulness or fault, as he failed to notify the Court of a change in his address, despite the Court's local rule requiring him to do so. *See* E.D. Tenn. LR83.13 (providing that a pro se party has a duty to notify the Clerk and the other parties to the proceedings of any change in his or her address within fourteen days, "to monitor the case, and to prosecute . . . the action diligently"). As to the second factor, Plaintiff's failure to update his address with the Court has not prejudiced Defendants, but, like the Court, Defendants cannot communicate with Plaintiff without his updated address. As to the third factor, the Court attempted to notify Plaintiff that failure to timely update his address with the Court would result in dismissal of this action [Doc. 5 p. 1], but the USPS returned the mail containing that notification to the Court [Docs. 5, 6]. Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff sought leave to proceed *in forma pauperis* in this action but failed to notify the Court as to his current address, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can

2

comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).  Nothing about Plaintiff's pro se status prevented him from updating the Court as to his current address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b).  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge

3